1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NEWREZ LLC d/b/a SHELLPOINT            No. 2:25-cv-001169-DJC-AC
     MORTGAGE SERVICING
12

13                  Plaintiff,

14          v.                              ORDER

15   KIMBERLY USSERY,

16                  Defendant.

17

18

19          Plaintiff NewRez LLC, d/b/a Shellpoint Mortgage Servicing brought this

20   unlawful detainer action against Defendant Kimberly Ussery under California state law

21   on August 9, 2024.  On April 22, 2025, Defendant filed a Notice of Removal in federal

22   court, seeking to remove the action from the San Joaquin County Superior Court.

23   (Not. of Removal (ECF No. 1).)  This is the fourth time that Defendant has sought to

24   remove the state court action to federal court.[1]

25

26   _____

27   [1] The previous three removal actions were all remanded back to the superior court.  *NewRez LLC v.
     Ussery*, 2:24-cv-03698-TLN-CSK; *NewRez LLC v. Ussery*, 2:25-cv-00740-DJC-JDP; *NewRez LLC et al v.
28   Ussery et al*, 2:25-cv-00895-DC-JDP.

                                              1

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). The strong presumption against removal jurisdiction means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042. That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (quoting *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)). Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* (quoting *Okla. Tax Comm'n v. Graham*, 489 U.S. 838, 841 (1989)). Accordingly, "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at

1   issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987); *see also Vaden v.*

2   *Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal

3   question lurks somewhere inside the parties' controversy, or that a defense or

4   counterclaim or that a defense or counterclaim would arise under federal law.").

5          Here, Defendant seeks removal pursuant to 28 U.S.C. sections 1331, 1441, and

6   1443. (Removal Not. at 1.) She also references: U.C.C. Articles 3, 6, and 9; 42 U.S.C.

7   section 1983; 15 U.S.C. sections 1601–1693; and 12 U.S.C. sections 2601–2617. (*Id.* at

8   1–2.) However, a review of the complaint filed in state court shows that Plaintiff did not

9   raise a federal claim in that complaint. (Removal Not. at 6–8.) Rather, Plaintiff brings a

10  straightforward unlawful detainer action against Defendant, which is a matter purely of

11  state law. Defendant's reliance on federal law in defending against Plaintiff's state law

12  claim does not suffice to confer jurisdiction on this Court because the defensive

13  invocation of federal law cannot form the basis of this Court's jurisdiction. *See*

14  *California*, 215 F.3d at 1014. Because there is no federal question appearing in

15  Plaintiff's complaint, Defendant has failed to properly invoke this Court's jurisdiction.

16         Defendant's assertions that this court can properly hear the state court action

17  have been repeatedly rejected. *See NewRez LLC v. Ussery*, 2:24-cv-03698-TLN-CSK;

18  *NewRez LLC v. Ussery*, 2:25-cv-00740-DJC-JDP; *NewRez LLC et al v. Ussery et al*, 2:25-

19  cv-00895-DC-JDP. Under the doctrine of res judicata, repetitious suits involving the

20  same parties and concerning the same cause of action are prohibited. *U.S. v. State of*

21  *Cal.*, 521 F. Supp. 491, 498. (E.D. Cal. 1980). Res judicata applies where "the earlier

22  suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final

23  judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton*

24  *Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*,

25  279 F.3d 896, 900 (9th Cir. 2002). The elements of res judicata are met here.

26  Defendant's removal action involves the same underlying state court case, STK-CV-

27  LUDRF-2024-13395. Additionally, this Court has remanded the case back to state

28  court numerous times, finding that it does not have jurisdiction. *See Vaden*, 556 U.S.

3

1    at 70.  And finally, this action, the underlying state action, and the previous three

2    removal attempts all involve the same named parties.  Accordingly, res judicata further

3    bars this Court from hearing this case.

4        The Court hereby REMANDS this case to the San Joaquin County Superior

5    Court for all future proceedings.  The Clerk's Office is directed to no longer accept

6    new Notices of Removal from Kimberly Ussery related to San Joaquin Superior Court

7    Case No. STK-CV-LUDRF-2024-13395.  Should Defendant seek to file additional non-

8    Removal related documents related to Case No. STK-CV-LUDRF-2024-13395, the

9    Clerk of the Court is directed to file such documents under the current case number

10   (2:25-cv-01169-DJC-AC), rather than initiating a new case number.  This Order

11   resolves all pending motions.

12

13       IT IS SO ORDERED.

14   Dated:   **April 23, 2025**

15                                              Hon. Daniel J. Calabretta
16                                              UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23   DJC5 – Ussery225cv01169.ud

24

25

26

27

28

4